UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

)
NANCY CRISMAN, *et al.*, )
)
)
Plaintiffs, )
)
v. ) Case No. 12-cv-1871 (TSC)
)
DEPARTMENT OF JUSTICE, *et al.*, )
)
)
Defendants. )
)

## SUPPLEMENTAL MEMORANDUM OPINION

Plaintiffs Nancy Crisman and National Security Counselors sued the Department of Justice, the Board of Governors of the Federal Reserve System ("FRB"), the Department of Homeland Security, and the Office of the Director of National Intelligence, alleging violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., as amended; the Privacy Act, 5 U.S.C. § 552a, et seq.; the Administrative Procedure Act, 5 U.S.C. § 701, et seq.; and the Fifth Amendment of the United States Constitution.

Before the court is Defendants' First Motion for Summary Judgment with respect to three documents covered by Count 2.[1] (ECF No. 26.) Upon consideration of the parties' filings, and for the reasons stated herein, the court will **GRANT** Defendants' First Motion for Summary Judgment with respect to Count 2.

---

[1] By Memorandum Opinion and Order dated September 18, 2018, the court granted Defendants' summary judgment motion with respect to six other documents covered by Count 2.

## I. BACKGROUND

In March 2004, the Financial Institution Security Association ("FISA") sent a document entitled "FISA Alert Report Form" to the Federal Bureau of Investigation ("FBI"), and the FBI erroneously recorded the document as pertaining to the Foreign Intelligence Surveillance Act. (*See* ECF No. 1 ("Compl.") ¶¶ 11, 14.) Crisman alleges this error resulted in the termination of her employment as a nurse for Corporate Nurse, Inc., expulsion from the FRB headquarters, and the addition of her name to various national security watch lists. (*See id.* ¶¶ 14–15.)

In June 2005, Crisman filed a FOIA request with the FBI, seeking all records pertaining to her—including the FISA Alert. (*Id.* ¶ 17.) The FBI refused her request because the records were classified as "Confidential." (*Id.* ¶¶ 18–19.) Crisman then appealed, and the FBI's decision was affirmed by the Office of Information Policy ("OIP"). (*Id.* ¶¶ 20–21.) The FBI subsequently re-reviewed the FISA alert, declassified it, and released a redacted version to Crisman on February 13, 2009. (*Id.* ¶¶ 23–25.)

Crisman filed suit on March 31, 2011—*Crisman v. Dep't of Justice*, No. 11-658 (EGS) (D.D.C.)—challenging, *inter alia*, the adequacy of the FBI's search for documents. (*See* ECF No. 31-1, Ex. 2.) On November 8, 2011, by stipulation, the suit was dismissed with prejudice. (Compl. ¶ 25; ECF No. 31-1, Ex. 1 ("Stipulation of Dismissal") at 1.)

Crisman then filed a December 27, 2011 FOIA request with the FBI, seeking all records in the FBI file in which the FISA Alert was placed and "all FBI Records about her, including cross-references." (Compl. ¶¶ 34, 57, 67.) Almost a year later, on November 19, 2012, Plaintiffs filed their Complaint in this case, alleging, in part, that the FBI failed to comply with FOIA. (*Id.* ¶¶ 27–43, 56–76.)

On December 3, 2013, Defendants filed their First Motion for Summary Judgment as to Plaintiffs' records denial claims and Privacy Act damages claims. (ECF No. 26.) In reviewing one of

the records denial claims, the court found that it did not have enough information to determine whether three documents were properly withheld. Accordingly, on September 18, 2018, with respect to Count 2 of the Complaint, this court directed the FBI to submit a declaration providing more detail regarding its decision to withhold information from Plaintiffs under FOIA Exemption (b)(5). (ECF No. 63.) On November 1, 2018, in response to the court's request, Defendants filed the Third Hardy Declaration. (ECF No. 65.)

## II. LEGAL STANDARD

Summary judgment is appropriate where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Waterhouse v. Dist. of Columbia*, 298 F.3d 989, 991 (D.C. Cir. 2002). In determining whether a genuine issue of material fact exists, the court must view all facts in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A fact is material if "a dispute over it might affect the outcome of a suit under governing law; factual disputes that are 'irrelevant or unnecessary' do not affect the summary judgment determination." *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). An issue is genuine if "'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* (quoting *Anderson*, 477 U.S. at 248). The party seeking summary judgment "bears the heavy burden of establishing that the merits of his case are so clear that expedited action is justified." *Taxpayers Watchdog, Inc. v. Stanley*, 819 F.2d 294, 297 (D.C. Cir. 1987) (citing *Walker v. Washington*, 627 F.2d 541, 545 (D.C. Cir. 1980)).

FOIA cases are "typically and appropriately . . . decided on motions for summary judgment." *Gold Anti-Trust Action Comm., Inc. v. Bd. of Governors of Fed. Reserve Sys.*, 762 F. Supp. 2d 123, 130 (D.D.C. 2011) (internal quotation marks and citation omitted). Upon an agency's request for summary

judgment on the grounds that it has fully discharged its FOIA obligations, all underlying facts and inferences are analyzed in the light most favorable to the FOIA requester; only after an agency proves that it has fully discharged its FOIA obligations is summary judgment appropriate. *Moore v. Aspin*, 916 F. Supp. 32, 35 (D.D.C. 1996) (citations omitted).

### III. ANALYSIS

Under FOIA Exemption (b)(5), an agency can withhold information if it consists of:

> inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency, provided that the deliberative process privilege shall not apply to records created 25 years or more before the date on which the records were requested.

5 U.S.C. § 552(b)(2). For this exemption to apply, two conditions must be satisfied: (1) the source of the information must be a government agency, and (2) the information must "fall within the ambit of a privilege against discovery under judicial standards that would govern litigation against the agency that holds it." *Dep't of the Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001).

In assessing whether these two conditions have been met, courts first look to the agency's declaration because it is the agency's burden to establish that the privilege exists. *See Campbell v. Dep't of Justice*, 164 F.3d 20, 30 (D.C. Cir. 1998). The declaration must show that the information over which privilege is asserted is akin to an opinion or recommendation or reflects agency employees' deliberative process. *See Coastal Gas Corp. v. Dep't. of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980). In addition, the declaration should be detailed and specific so that it offers more than categorical descriptions of the redacted material. *See Campbell*, 164 F.3d at 30. A declaration that simply restates statutory standards or contains vague, conclusory, or sweeping statements will be deemed insufficient. *See Hayden v. Nat'l Sec. Agency*, 608 F.2d 1381, 1387 (D.C. Cir. 1979).

4

In this case, neither party disputes that the FBI is a federal agency under the meaning provided in *Klamath*. *See Klamath*, 532 U.S. at 8. Thus, this court's decision turns on whether the three withheld documents fall within the ambit of a privilege against discovery under judicial standards that would govern litigation against the FBI.

The decision with respect to two of the documents is straightforward. After the FBI received the court's order to produce an additional declaration, the FBI conducted an additional review of the documents over which it was asserting the (b)(5) exemption. (*See* ECF No. 65 ("Third Hardy Declaration") ¶ 7.) The FBI concluded that two of the three documents withheld—"Crisman-7" and "Crisman-8"—could be released in full because of a new law, the FOIA Improvement Act, directing agencies to withhold information only if it is reasonably foreseeable that disclosure would harm an interest protected by the exemption. (*Id.*) Crisman-7 and Crisman-8 were released on November 1, 2018. (*Id.*) Accordingly, Plaintiffs' claims with respect to those two documents are moot.

With respect to the final withheld document—"Crisman-5"—some analysis is required. In re-examining the document in light of the FOIA Improvement Act, the FBI determined that portions of the document could be released to Crisman and subsequently released those portions on November 1, 2018. (*Id.*) Only two portions of the document are still redacted, and the FBI maintains that the (b)(5) exemption is properly asserted over these redactions. (*Id.* ¶¶ 7–10.) One redaction begins with "I will recommend…."; the FBI withheld the remainder of the sentence because "it discussed inter-agency communications between employees at the Office of Information Policy and the FBI." (*Id.* ¶ 8.) The other redaction ends with "…send to DCU to have the package prepared to send to the DRC"; the FBI withheld the beginning portion because it describes "communications between FBI staff and details an employee's advice based on anticipated responses from the Office of Information Policy." (*Id.*)

The agency's declaration provides context, and the disclosures are detailed as opposed to categorical assertions regarding the content of the redacted material. *See Campbell*, 164 F.3d at 30 (holding that a declaration satisfies the agency's burden only if it is specific). Indeed, from the content provided in the unredacted portions, it is apparent that the first redaction protects inter-agency communications about an employee's recommendation for handling a Freedom of Information Act/Privacy Act request, and the second redaction relates to intra-agency communications about an employee's advice based on anticipated OIP responses; both are permissible purposes for asserting the FOIA (b)(5) exemption. *See Coastal Gas*, 617 F.2d at 866. Thus, the FBI has met its burden with its submission of the Third Hardy Declaration. *See Klamath*, 532 U.S. at 8.

## IV. CONCLUSION

For the foregoing reasons, Defendants' First Motion for Summary Judgment will be GRANTED with respect to Count 2.

A corresponding order will issue separately.

Date: March 25, 2019

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge