UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NANCY G. CRISMAN, *et al.*,

    *Plaintiffs,*

v.

DEPARTMENT OF JUSTICE, *et al.*,

    *Defendants.*

Civil Action No. 12-1871 (TSC)

## SECOND DECLARATION OF MICHAEL G. SEIDEL

I, Michael G. Seidel declare as follows:

1.    I am the Section Chief of the Record/Information Dissemination Section (RIDS), Information Management Division (IMD), Federal Bureau of Investigation (FBI), Winchester, Virginia. I joined the FBI in September 2011, and prior to my current position, I was the Assistant Section Chief of RIDS from June 2016 to July 2020; Unit Chief, RIDS Litigation Support Unit, from November 2012 to June 2016; and an Assistant General Counsel, FBI Office of the General Counsel, Freedom of Information Act (FOIA) Litigation Unit, from September 2011 to November 2012. In those capacities, I had management oversight or agency counsel responsibility for FBI FOIA and Privacy Act (FOIPA) litigation cases nationwide. Prior to joining the FBI, I served as a Senior Attorney, U.S. Drug Enforcement Administration (DEA), from September 2006 to September 2011, where among myriad legal responsibilities, I advised on FOIPA matters and served as agency counsel representing the DEA in FOIPA suits nationwide. I also served as a U.S. Army Judge Advocate General's Corps Officer in various assignments from 1994 to September 2006 culminating in my assignment as Chief, General

1

Litigation Branch, U.S. Army Litigation Division, where I oversaw FOIPA litigation for the U.S. Army. I am an attorney licensed in the State of Ohio and the District of Columbia.

2. In my official capacity as Section Chief of RIDS, I supervise approximately 236 FBI employees, supported by approximately 110 contractors, who staff a total of nine (9) Federal Bureau of Investigation Headquarters (FBIHQ) units and two (2) field operational service center units whose collective mission is to effectively plan, develop, direct, and manage responses to requests for access to FBI records and information pursuant to the FOIA as amended by the OPEN Government Act of 2007, the OPEN FOIA Act of 2009, and the FOIA Improvement Act of 2016; the Privacy Act of 1974; Executive Order 13526; Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives. My responsibilities also include the review of FBI information for classification purposes as mandated by Executive Order 13526, 75 Fed. Reg. 707 (Jan. 5, 2010) and the preparation of declarations in support of Exemption 1 claims asserted under the FOIA. The Attorney General of the United States has designated the Section Chief, RIDS, as an original classification authority and a declassification authority pursuant to Executive Order 13526, §§ 1.3 and 3.1. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

3. Because of the nature of my official duties, I am familiar with the procedures followed by the FBI in coordinating responses with other government agencies to requests submitted to those agencies for information pursuant to the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974 (PA), 5 U.S.C. § 552a. Specifically, I am aware of the FBI's handling of the

FOIA/Privacy Act (FOIPA) requests submitted by plaintiff, Nancy Crisman and her counsel, Kelly B. McClanahan.

4. This is my second declaration overall in this instant action and it supplements and incorporates by reference the information previously provided by me in my prior declaration dated February 10, 2023 ("First Seidel). (ECF No. 96-4.)

5. The FBI submits this declaration in response to Plaintiff's Notice of Supplemental Authority referencing "copies of letters received form the Department of Justice, Justice Management Division ("JMD") which indicated that JMD could locate no record of FBI submitting the reports to it that the policy in this case requires." Plaintiff's filing also referenced the FBI's response to a FOIA request submitted by Plaintiff after Defendant's February 13, 2023, filing in this case. (ECF No. 97.)

6. The FBI lacks the factual knowledge to discuss the basis of JMD's response to Plaintiff's counsel's FOIA request. However, a reading of Plaintiff's filing shows JMD apprised Plaintiff's counsel of his appeal rights if he was dissatisfied with its response. Moreover, the FBI confirmed Plaintiff's counsel chose not to exercise his appeal rights. The following paragraphs discuss the FBI's response to Plaintiff's counsel's administrative request referenced in the Notice of Supplemental Authority.

7. On or about March 8, 2023, Plaintiff's counsel submitted a new FOIA request to the FBI seeking information regarding the two reports referenced in my declaration dated February 10, 2023 ("the Seidel Declaration"). Instead of requesting the two referenced reports, Plaintiff's counsel specifically requested "the portions of the two reports which pertain to the "FISA Alert" at issue in this case." Plaintiff's counsel attached a copy of the Seidel Declaration to the request.

3

8.      Plaintiff's counsel targeted request seeking purported "portions of those two reports which pertain to the "FISA Alert" was literally interpreted by FBI FOIA staff, returning a "no records" response. The March 15, 2023 response letter advised Plaintiff's counsel of his right to appeal the determination to the Department of Justice (DOJ) Office of Information Policy (OIP), if he was dissatisfied, within ninety (90) days of the response date. The appeal period has since expired without Plaintiff's counsel seeking redress from DOJ OIP.[1] Nonetheless, upon Plaintiff's filing of the Notice of Supplemental Authority, the FBI re-examined the request and its response and is providing Plaintiff's counsel with a copy of the two reports referenced in the Seidel Declaration. Even though the reports do not contain the specific words "FISA Alert" as specifically referenced in the targeted request submitted by Plaintiff's counsel, these are the two reports referenced in the Seidel Declaration.

9.      By letter dated July 31, 2023, the FBI provided Plaintiff with partially redacted copies of the 2005 and 2008 Agency Security Classification Management Program Data Reports, *aka* Standard Form-311 (SF-311).

10.     An SF-311 is a data collection form completed by only those executive branch agencies that create and/or handle classified national security information. The form is a record of classification management data provided by the agencies. The agencies submit the completed forms on an annual basis to Information Security Oversight Office (ISOO), no later than

---

[1] The administrative appeal process is the proper procedural route to dispute challenges to any FBI FOIA responses and is a prerequisite to seek judicial review. Had Plaintiff followed the administrative appeal process, it would have allowed the FBI the opportunity to re-examine the request and its response and take appropriate action(s) to resolve the dispute. Plaintiff's failure to appeal deprived the FBI of that opportunity.

November 15 following the reporting period, for inclusion in a report to the President.[2] The 2005 and 2008 SF-311s are the reports referenced in the Seidel declaration.

11.     As stated in my previous declaration, these SF-311 reports inform the DOJ and ISOO of all classification and declassification decisions made by the FBI. This annual report meets the notification requirements under the Delegation Orders discussed in the Seidel Declaration.

---

[2] 32 CFR § 2001.80 (1).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, and that Exhibits A and B attached hereto are true and correct copies.

Executed this 28th day of July 2023.

_____
Michael G. Seidel
Section Chief
Record/Information Dissemination Section
Information Management Division
Federal Bureau of Investigation
Winchester, Virginia

# Exhibit A



**U.S. Department of Justice**

**Federal Bureau of Investigation**
Washington, D.C. 20535

July 28, 2023

KEL MCCLANAHAN
NATIONAL SECURITY COUNSELORS
4702 LEVADA TERRACE
ROCKVILLE, MD 20853

FOIPA Request No.: 1585823-001
Subject: Classification and Declassification
of the Report Known as the FISA Alert
(2005 – 2008)

Dear Kel McClanahan:

The FBI has completed its search for records subject to the Freedom of Information Act (FOIA) that are responsive to your request. The enclosed 4 pages of records were determined to be responsive to your subject and were previously processed and released. Please see the selected paragraphs below for relevant information specific to your request as well as the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

- [x] In an effort to provide you with responsive records as expeditiously as possible, we are releasing documents from previous requests regarding your subject. We consider your request fulfilled. Since we relied on previous results, additional records potentially responsive to your subject may exist. If this release of previously processed material does not satisfy your request, you may request an additional search for records. Submit your request by mail to **Initial Processing Operations Unit; Record/Information Dissemination Section; Information Management Division; Federal Bureau of Investigation; 200 Constitution Drive; Winchester, VA 22602. You may also email your response to** foipaquestions@fbi.gov. Please include the FOIPA Request Number listed above in your correspondence.

- [ ] Please be advised that additional records responsive to your subject exist. If this release of previously processed material does not satisfy your request, you must advise us that you want the additional records processed. Please submit your response within thirty (30) days to **Initial Processing Operations Unit; Record/Information Dissemination Section; Information Management Division; Federal Bureau of Investigation; 200 Constitution Drive; Winchester, VA 22602. You may also email your response to** foipaquestions@fbi.gov. Please include the FOIPA Request Number listed above in your correspondence. **If we do not receive your decision within thirty (30) days of the date of this notification, your request will be closed.**

- [ ] One or more of the enclosed records were transferred to the National Archives and Records Administration (NARA). Although we retained a version of the records previously processed pursuant to the FOIA, the original records are no longer in our possession.

    If this release of the previously processed material does not satisfy your request, you may file a FOIPA request with NARA at the following address:

    National Archives and Records Administration
    Special Access and FOIA
    8601 Adelphi Road, Room 5500
    College Park, MD 20740-6001

☐ Records potentially responsive to your request were transferred to the National Archives and Records Administration (NARA), and they were not previously processed pursuant to the FOIA. You may file a request with NARA using the address above.

☐ One or more of the enclosed records were destroyed. Although we retained a version of the records previously processed pursuant to the FOIA, the original records are no longer in our possession. Record retention and disposal is carried out under supervision of the National Archives and Records Administration (NARA), Title 44, United States Code, Section 3301 as implemented by Title 36, Code of Federal Regulations, Part 1228; Title 44, United States Code, Section 3310 as implemented by Title 36, Code of Federal Regulations, Part 1229.10.

☐ Records potentially responsive to your request were destroyed. Since this material could not be reviewed, it is not known if it was responsive to your request. Record retention and disposal is carried out under supervision of the National Archives and Records Administration (NARA) according to Title 44 United States Code Section 3301, Title 36 Code of Federal Regulations (CFR) Chapter 12 Sub-chapter B Part 1228, and 36 CFR 1229.10.

☐ Documents or information referred to other Government agencies were not included in this release.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. **"Part 1"** of the Addendum includes standard responses that apply to all requests. **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals. **"Part 3"** includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

Additional information about the FOIPA can be found at www.fbi.gov/foia. Should you have questions regarding your request, please feel free to contact foipaquestions@fbi.gov. Please reference the FOIPA Request number listed above in all correspondence concerning your request.

Please be advised that if you are seeking a new search for records, you may wish to narrow the scope of your request based on material that you have already received, e.g., timeframe or locality. Additionally, be advised that "unusual circumstances" may apply. See 5 U.S.C. § 552 (a)(6)(B)(iii). These "unusual circumstances" will delay our ability to make a determination on your request within 20 days. See 5 U.S.C. § 552 (a)(6)(B). Additionally, the payment of pertinent fees may apply to your request. See 5 U.S.C. § 552 (a)(4)(A)(viii). The application of "unusual circumstances" is not a determination of how the FBI will respond to your substantive request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of this response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by emailing the FBI's FOIA Public Liaison at foipaquestions@fbi.gov. The subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified. You may also contact the Office of Government Information Services (OGIS). The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information Dissemination Section
Information Management Division

Enclosures

# FBI FOIPA Addendum

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request. Part 1 of the Addendum includes standard responses that apply to all requests. Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information. Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i) **5 U.S.C. § 552(c).** Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)]. FBI responses are limited to those records subject to the requirements of the FOIPA. Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii) **Intelligence Records.** To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)]. This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i) **Requests for Records about any Individual—Watch Lists.** The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)]. This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii) **Requests for Records about any Individual—Witness Security Program Records.** The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)]. This is a standard response and should not be read to indicate that such records do or do not exist.

(iii) **Requests for Confidential Informant Records.** The FBI can neither confirm nor deny the existence of confidential informant records pursuant to FOIA exemptions (b)(7)(D), (b)(7)(E), and (b)(7)(F) [5 U.S.C.§ § 552 (b)(7)(D), (b)(7)(E), and (b)(7)(F)] and Privacy Act exemption (j)(2) [5 U.S.C.§ 552a (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records would reveal confidential informant identities and information, expose law enforcement techniques, and endanger the life or physical safety of individuals. This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i) **Record Searches and Standard Search Policy.** The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems, such as the Central Records System (CRS), or locations where responsive records would reasonably be found. The CRS is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions. The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS. The standard search policy is a search for main entity records in the CRS. Unless specifically requested, a standard search does not include a search for reference entity records, administrative records of previous FOIPA requests, or civil litigation files.

   a. *Main Entity Records* – created for individuals or non-individuals who are the subjects or the focus of an investigation
   b. *Reference Entity Records*- created for individuals or non-individuals who are associated with a case but are not known subjects or the focus of an investigation

(ii) **FBI Records.** Founded in 1908, the FBI carries out a dual law enforcement and national security mission. As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii) **Foreseeable Harm Standard.** As amended in 2016, the Freedom of Information Act provides that a federal agency may withhold responsive records only if: (1) the agency reasonably foresees that disclosure would harm an interest protected by one of the nine exemptions that FOIA enumerates, or (2) disclosure is prohibited by law (5 United States Code, Section 552(a)(8)(A)(i)). The FBI considers this foreseeable harm standard in the processing of its requests.

(iv) **Requests for Criminal History Records or Rap Sheets.** The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet. These criminal history records are not the same as material in an investigative "FBI file." An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service. For a fee, individuals can request a copy of their Identity History Summary Check. Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks. Additionally, requests can be submitted electronically at www.edo.cjis.gov. For additional information, please contact CJIS directly at (304) 625-5590.

# EXPLANATION OF EXEMPTIONS

## SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)  (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)  related solely to the internal personnel rules and practices of an agency;

(b)(3)  specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)  trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)  inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)  personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)  records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)  contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)  geological and geophysical information and data, including maps, concerning wells.

## SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)  information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)  material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)  information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)  investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)  material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)  required by statute to be maintained and used solely as statistical records;

(k)(5)  investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)  testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)  material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

Enclosure 3 – FY 2005 Report

## AGENCY SECURITY CLASSIFICATION MANAGEMENT PROGRAM DATA

(Submissions must be unclassified and typewritten, and reach the Information Security Oversight Office (ISOO) no later than November 15 following the reporting period.)

### PART A: Identifying Information

1. Enter the Fiscal Year that this report covers.

   FY 2005

2. Identify the Department, Independent agency or Establishment that is covered by this report.

   FBI

3. Enter the name, title, address, phone, fax, and email address of the Senior Agency Official (as defined in EO 12958, as amended, Section 5.4(d)) responsible for this report.

   Ms. Ellen Icochea
   Acting Section Chief
   Mission Support, Security Division

4. Enter the name, title, phone, fax and email address for the point-of-contact responsible for answering questions about this report.

   [redacted] b6, b7C
   Analysis and Policy Unit
   Security Division

### PART B: Officials with Original Classification Authority

5. Enter the number of agency officials whose highest level of original classification authority is TOP SECRET. — 5. 25

6. Enter the number of agency officials whose highest level of original classification authority is SECRET. — 6. 0

7. Enter the number of agency officials whose highest level of original classification authority is CONFIDENTIAL. — 7. 0

8. Total number of officials with original classification authority. (Sum of blocks 5, 6, & 7) — 8. [illegible]

### PART C: Original Classification Decisions

9. Enter the number of original TOP SECRET classification decisions made during the reporting period with declassification instructions of 10 years or less. — 9. 0

10. Enter the number of original TOP SECRET classification decisions made during the reporting period with declassification instructions ranging from over 10 years to 25 years. — 10. 2,922

11. Total number of TOP SECRET original classification decisions. (Sum of blocks 9 & 10) — 11. 2,922

12. Enter the number of original SECRET classification decisions made during the reporting period with declassification instructions of 10 years or less. — 12. 2,507

13. Enter the number of original SECRET classification decisions made during the reporting period with declassification instructions ranging from over 10 years to 25 years. — 13. 32,680

14. Total number of SECRET original classification decisions. (Sum of blocks 12 & 13) — 14. [illegible]

15. Enter the number of original CONFIDENTIAL classification decisions made during the reporting period with declassification instructions of 10 years or less. — 15. [illegible]

16. Enter the number of original CONFIDENTIAL classification decisions made during the reporting period with declassification instructions ranging from over 10 years to 25 years. — 16. 104

17. Total number of CONFIDENTIAL original classification decisions. (Sum of blocks 15 & 16) — 17. 2,630

18. Total number of original classification decisions. (Sum of blocks 11, 14, & 17) — 18. [illegible]

### PART D: Derivative Classification Decisions

19. Enter the number of derivative TOP SECRET classifications during the reporting period. — 19. 407

20. Enter the number of derivative SECRET classifications during the reporting period. — 20. 650,008

21. Enter the number of derivative CONFIDENTIAL classifications during the reporting period. — 21. 8,212

22. Total number of derivative classification decisions. (Sum of blocks 19, 20, & 21) — 22. 658,627

NATIONAL ARCHIVES AND RECORDS ADMINISTRATION   AUTHORIZED FOR LOCAL REPRODUCTION   STANDARD FORM 311 (REV 11-04)
Previous edition is unusable   Prescribed by NARA/ISOO
32 CFR 2001   E.O. 12958, as amended

Enter the Fiscal Year that this report covers:

Identify the Department, independent agency or establishment that is covered by this report.

### PART E: Mandatory Declassification Review Requests and Appeals

A request is an individual review request or appeal, regardless of the number of documents or pages to be reviewed as part of the request. Report only requests for your agency in which your agency is responsible for the final decision. Please provide an explanation in Part I below where the number of requests or appeals carried forward between reporting periods changes.

| # | Item | Value |
|---|------|-------|
| 23. | Enter the number of requests carried over from the previous reporting period. | 6 |
| 24. | Enter the number of new requests received during the reporting period. | 29 |
| 25. | Enter the number of requests carried over to the next reporting period. | 8 |
| 26. | Enter the number of appeals carried over from the previous reporting period. | 2 |
| 27. | Enter the number of new appeals received during the reporting period. | 6 |
| 28. | Enter the number of appeals carried over to the next reporting period. | 2 |

### PART F: Mandatory Declassification Review Decisions in Pages

| # | Item | Value |
|---|------|-------|
| 29. | Enter the number of requested pages that were declassified in full. | 868 |
| 30. | Enter the number of requested pages that were declassified in part. | 420 |
| 31. | Enter the number of requested pages that were denied declassification. | 2 |
| 32. | Total number of requested pages acted on. (Sum of blocks 29, 30, and 31) | 1,290 |
| 33. | Enter the number of appealed pages that were declassified in full. | 798 |
| 34. | Enter the number of appealed pages that were declassified in part. | 40 |
| 35. | Enter the number of appealed pages that were denied declassification. | 0 |
| 36. | Total number of appealed pages acted on. (Sum of blocks 33, 34, & 35) | 838 |

### PART G: Automatic Declassification and Systematic Review

| # | Item | Value |
|---|------|-------|
| 37. | Enter the number of pages reviewed during the reporting period that were subject to declassification under Sections 3.3 & 3.4, EO 12958, as amended. | 2,305,982 |
| 38. | Enter the number of pages declassified under Sections 3.3 & 3.4, EO 12958, as amended. | 158,862 |

### PART H: Internal Agency Oversight

| # | Item | Value |
|---|------|-------|
| 39. | Enter the number of inspections, surveys, or program reviews, completed during the reporting period, covering any aspect of the security classification program. | 47 |
| 40. | Enter the number of challenges processed by your agency to the classification of information believed to be improperly classified or unclassified. (See EO 12958 as amended, Section 1.8) | 0 |

### PART I: Explanatory Comments

Use this space to elaborate on any section of this form. If more space is needed, provide as an attachment to this form. Provide explanations for any significant changes in trends/numbers from the previous year's report.

The number of OCAs within the FBI has been reduced from 53 to 25, by the SPM, AD, Security Division. In light of the Bureau's increased focus on terrorism, increased inspection activity and changes within the Classification Units, the figures are down in some areas, and up in others.

NATIONAL ARCHIVES AND RECORDS ADMINISTRATION        AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition's unusable

STANDARD FORM 311 BACK (REV 11-09)
Prescribed by NARA/ISOO
32 CFR 2001.80   E.O. 12958, as amended

# AGENCY SECURITY CLASSIFICATION MANAGEMENT PROGRAM DATA

(Submissions must be unclassified and typewritten, and reach the Information Security Oversight Office (ISOO) no later than November 15 following the reporting period.)

## PART A: Identifying Information

1. Enter the Fiscal Year that this report covers.
   FY 2008

2. Identify the Department, Independent agency or Establishment that is covered by this report.
   Federal Bureau of Investigation

3. Enter the name, title, address, phone, fax, and email address of the **Senior Agency Official** (as defined in EO 12958, as amended, Section 5.4(d)) responsible for this report.

   Roland J. Corvington
   Assistant Director,
   Security Division

   925 Pennsylvania Ave., NW, Room 10104
   Washington, DC 20535

4. Enter the name, title, phone, fax and email address for the **point-of-contact** responsible for answering questions about this report.

   [redacted] b6 b7C
   925 Pennsylvania Ave., NW, Room 10156
   Washington, DC 20535
   Security Policy, Communications & Analysis Unit

## PART B: Officials with Original Classification Authority

| # | Description | Value |
|---|---|---|
| 5 | Enter the number of agency officials whose **highest level** of original classification authority is TOP SECRET. | 28 |
| 6 | Enter the number of agency officials whose **highest level** of original classification authority is SECRET. | 0 |
| 7 | Enter the number of agency officials whose **highest level** of original classification authority is CONFIDENTIAL. | 0 |
| 8 | Total number of officials with original classification authority. (Sum of blocks 5, 6, & 7) | 28 |

## PART C: Original Classification Decisions

Original classification is an initial determination that the information to be classified has not been previously classified by any other authority. It also meets the following conditions: (1) it was classified by an original classification authority; (2) the information is owned by, produced by or for, or is under the control of the United States Government; (3) it falls into at least one of the categories found in Section 1.4 of EO 12958, as amended; and, (4) unauthorized disclosure could reasonably be expected to result in damage to the national security. (Provide information only on classification decisions contained in finished products for dissemination or retention, regardless of the media. Do not count reproductions or copies.)

| # | Description | Value |
|---|---|---|
| 9 | Enter the number of original TOP SECRET classification decisions made during the reporting period with declassification instructions of 10 years or less. | 0 |
| 10 | Enter the number of original TOP SECRET classification decisions made during the reporting period with declassification instructions ranging from over 10 years to 25 years. | 3,091 |
| 11 | Total number of TOP SECRET original classification decisions. (Sum of blocks 9 & 10) | 3,091 |
| 12 | Enter the number of original SECRET classification decisions made during the reporting period with declassification instructions of 10 years or less. | 4,076 |
| 13 | Enter the number of original SECRET classification decisions made during the reporting period with declassification instructions ranging from over 10 years to 25 years. | 42,111 |
| 14 | Total number of SECRET original classification decisions. (Sum of blocks 12 & 13) | 46,187 |
| 15 | Enter the number of original CONFIDENTIAL classification decisions made during the reporting period with declassification instructions of 10 years or less. | 133 |
| 16 | Enter the number of original CONFIDENTIAL classification decisions made during the reporting period with declassification instructions ranging from over 10 years to 25 years. | 863 |
| 17 | Total number of CONFIDENTIAL original classification decisions. (Sum of blocks 15 & 16) | 996 |
| 18 | Total number of original classification decisions. (Sum of blocks 11, 14, & 17) | 50,274 |

## PART D: Derivative Classification Decisions

Derivative classification is the incorporating, paraphrasing, restating, or generating in new form information that is already classified. This includes classification based on classification guides or other source documents. (Provide information only on derivative classification decisions contained in finished products for dissemination or retention, regardless of the media. Do not count reproductions or copies.)

| # | Description | Value |
|---|---|---|
| 19 | Enter the number of derivative TOP SECRET classifications during the reporting period. | 1,668 |
| 20 | Enter the number of derivative SECRET classifications during the reporting period. | 517,185 |
| 21 | Enter the number of derivative CONFIDENTIAL classifications during the reporting period. | 9,934 |
| 22 | Total number of derivative classification decisions. (Sum of blocks 19, 20, & 21) | 528,787 |

NATIONAL ARCHIVES AND RECORDS ADMINISTRATION
AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition is unusable

STANDARD FORM 311 (REV 11-04)
Prescribed by NARA/ISOO
32 CFR 2001.80   E.O. 12958, as amended

Enter the Fiscal Year that this report covers.
FY 2008

Identify the Department, independent agency or establishment that is covered by this report.
Federal Bureau of Investigation

## PART E: Mandatory Declassification Review Requests and Appeals

A "request" is an individual review request or appeal, regardless of the number of documents or pages to be reviewed as part of the request. Report only requests for your agency in which your agency is responsible for the final decision. Please provide an explanation in Part I below where the number of requests or appeals carried forward between reporting periods changes.

| # | Description | Value |
|---|---|---|
| 23. | Enter the number of requests carried over from the previous reporting period. | 39 |
| 24. | Enter the number of new requests received during the reporting period. | 52 |
| 25. | Enter the number of requests carried over to the next reporting period. | 35 |
| 26. | Enter the number of appeals carried over from the previous reporting period. | 0 |
| 27. | Enter the number of new appeals received during the reporting period. | 1 |
| 28. | Enter the number of appeals carried over to the next reporting period. | 0 |

## PART F: Mandatory Declassification Review Decisions in Pages

| # | Description | Value |
|---|---|---|
| 29. | Enter the number of requested pages that were declassified in full. | 1,903 |
| 30. | Enter the number of requested pages that were declassified in part. | 3,590 |
| 31. | Enter the number of requested pages that were denied declassification. | 1,836 |
| 32. | Total number of requested pages acted on. (Sum of blocks 29, 30, and 31) | 7,329 |
| 33. | Enter the number of appealed pages that were declassified in full. | 23 |
| 34. | Enter the number of appealed pages that were declassified in part. | 175 |
| 35. | Enter the number of appealed pages that were denied declassification. | 509 |
| 36. | Total number of appealed pages acted on. (Sum of blocks 33, 34, & 35) | 707 |

## PART G: Automatic Declassification and Systematic Review

| # | Description | Value |
|---|---|---|
| 37. | Enter the number of pages reviewed during the reporting period that were subject to declassification under Sections 3.3 & 3.4, EO 12958, as amended. | 306,229 |
| 38. | Enter the number of pages declassified under Sections 3.3 & 3.4, EO 12958, as amended. | 3,710 |

## PART H: Internal Agency Oversight

| # | Description | Value |
|---|---|---|
| 39. | Enter the number of inspections, surveys, or program reviews, covering any aspect of the security classification program, completed during the reporting period. | 20 |
| 40. | Enter the number of challenges processed by your agency to the classification of information believed to be improperly classified or unclassified. (See EO 12958 as amended, Section 1.8) | 0 |

## PART I: Explanatory Comments

Use this space to elaborate on any section of this form. If more space is needed, provide as an attachment to this form. Provide explanations for any significant changes in trends/numbers from the previous year's report.

NATIONAL ARCHIVES AND RECORDS ADMINISTRATION   AUTHORIZED FOR LOCAL REPRODUCTION   STANDARD FORM 311 BACK (REV 11-04)
Previous edition is unusable   Prescribed by NARA/ISOO
32 CFR 2001.80   E.O. 12958, as amended